# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2007

Charles R. Fulbruge III
Clerk

No. 06-61034
Summary Calendar

JAMES ALTON GIPSON

Plaintiff-Appellee

v.

ROCKY WILLIAMSON, Officer; DERRICK MINGO; ALANDO SELLERS, Officer

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:04-CV-00213

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

James Alton Gipson, Mississippi prisoner # 21821, filed a 42 U.S.C. § 1983 complaint in which he asserted, inter alia, an excessive force claim against Rocky Williamson, Derrick Mingo, and Alando Sellers, correctional officers at the Marion/Walthall Correctional Facility (MWCF). Williamson, Mingo, and Sellers now appeal the district court's rejection of the qualified immunity defense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserted in their motion for summary judgment. See Hampton v. Oktibbeha County Sheriff Dep't, 480 F.3d 358, 363 (5th Cir. 2007).

The district court's finding that there was insufficient evidence in the record to analyze the issue of the reasonableness of the appellants' conduct determined only a question of "evidence sufficiency." See Johnson v. Jones, 515 U.S. 304, 313 (1995). As such, it is not a final, appealable order. See id. "Unlike denials of qualified immunity which are immediately appealable because they turn on an issue of law," Boulos v. Wilson, 834 F.2d 504, 509 (5th Cir. 1987) (citing Mitchell v. Forsyth, 472 U.S. 511 (1985)), the appellants' immunity defense turns on the factual issue "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993) (internal quotation marks and footnote citations omitted). As the presence of a genuine issue of material fact regarding qualified immunity precludes this court from exercising jurisdiction, this appeal must be dismissed. Johnson, 515 U.S. at 313-20.

APPEAL DISMISSED.